■ In the Matter of Anthony M. Capria, Petitioner, v Edward V. Regan, as State Comptroller and Administrative Head of the New York State Employees' Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (trans-

ferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request to set aside a prior determination of respondent awarding petitioner disability retirement benefits pursuant to Retirement and Social Security Law article 15.

After receiving the original application for benefits, which was for accidental disability retirement pursuant to Retirement and Social Security Law article 14, the State Employees' Retirement System changed the form to reflect the fact that it was being considered as one for disability retirement benefits pursuant to article 15 of the statute. Correspondence reveals that petitioner was made aware of the change and not only failed to object to the change, but a letter from his attorney stated that if awarded such benefits petitioner would "accept" them. Nevertheless, once the application was approved petitioner contended that it was in error. He apparently is claiming that the Retirement System had no authority to convert and process the application as one for disability retirement benefits as opposed to one for accidental disability retirement benefits. Insofar as petitioner nowhere explains why the procedure implemented by the Retirement System was inappropriate and in view of the fact that he acquiesced to the change, he failed in sustaining his burden of proving that the conversion was improper (see, State Administrative Procedure Act § 306 [1]). We note, parenthetically, that Retirement and Social Security Law § 605 (c) states that the "retirement system shall be entitled to adopt appropriate procedures for making the * * * determination [that a member is physically or mentally incapacitated] for the purpose of determining initial entitlement of an application for disability retirement". Petitioner's remaining contentions have been considered and rejected as lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.